## Case No. 3,171.

In re COOKE et al.

[1 Wkly. Notes Cas. 10.]

Circuit Court, E. D. Pennsylvania. Sept. 22, 1874.

POWERS OF CREDITORS UNDER SECTIONS 28 AND 29 (27 AND 28) OF ACT OF 1867 (14 STAT. 530, 531), WHERE TRUSTEE AND COMMITTEE APPOINTED.

[Petition to review an order of the district court of the United States for the eastern district of Pennsylvania.

[In bankruptcy. In the matter of Jay Cooke, W. G. Morehead, H. C. Fahnestock, H. D. Cooke, Pitt Cooke, G. C. Thomas, James A. Garland, and Jay Cooke, Jr.]

The district judge, having on the 11th of September, 1874, ordered a meeting for the purpose of a declaration of a dividend in said estate, to be held the 6th of October, 1874, Edwin M. Lewis, trustee, and John Clayton et al., committee of creditors, and E. W. Clark et al., creditors, filed their petition, setting forth that the settling and winding up of the estate had been entrusted to a trustee and committee of creditors, and claimed that the powers given to the creditors by the 28th and 29th sections of the bankrupt act had been thereby waived and that said order of the district judge had been erroneously made, and prayed that said order might be so reversed or modified as in no way to "supersede, change or affect the winding up and settlement of the estate by the said trustee under the inspection and direction of said committee of creditors."

Whereupon McKENNAN, Circuit Judge, made the following order at chambers: And now, September 22d, 1874, the petitions of Edwin M. Lewis, trustee, and John Clayton and others, committee of the estate of Jay Cooke et al., bankrupts, and of E. W. Clark et al., creditors of said estate, having been presented at chambers, it is thereupon ordered that the same be filed, and that the argument thereon be heard at Philadelphia on the 5th day of October, 1874, and all proceedings under the order of the 11th of September, 1874, are thereby suspended till further orders.

[NOTE. After hearing argument, the order of the district court was reversed. Case No. 3,169.]

## Case No. 3,172.

In re COOKE et al.

[1 Wkly. Notes Cas. 30.]

District Court, E. D. Pennsylvania. Oct. 14 and 15, 1874.

SUIT IN STATE COURT PENDING PROCEEDINGS IN BANKRUPTCY—LEAVE TO CONTINUE FOR PURPOSES OF LIQUIDATION.

[Where suit is pending against a bankrupt in the court of another state, the federal court may allow the debt to be proved provisionally, and authorize the suit to proceed for the purposes of liquidation; securing to the trustee of the creditors the right to resist the claim, either in the pending suit, or by a proceeding in equity.]

[In bankruptcy. In the matter of Jay Cooke, W. G. Morehead, H. C. Fahnestock, H. D. Cooke, Pitt Cooke, G. C. Thomas, James A. Garland, and Jay Cooke, Jr.]

De Graff & Co, brought suit in Minnesota against Morehead, one of the bankrupts, before petition filed, to recover for breach of a construction contract, and applied for leave to proceed in that suit for the purpose of liquidation.

Dickson and Ashurst, for the trustee in bankruptcy, read affidavits showing that the real question in the Minnesota suit was not as to the amount of damages suffered by the breach of contract, but whether there was a liability on the part of the defendant; and that this latter question depended upon the right of the defendant to reform the contract, and show that it was made with Morehead as agent of a corporation merely, his agency being known at the time by the plaintiffs.

Mr. Clough, of Minnesota, for De Graff & Co.

Mr. Murtrie, for bankrupts.

THE COURT, after a long discussion, ordered proof of De Graff's debt to be made before the register provisionally, and authorized the suit in Minnesota to proceed for the purpose of liquidation, securing to the trustee the right to resist the claim, either in the suit brought, or by a proceeding in equity.